IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JEFFREY DEWAIN DUEKER, ) <br> ) <br> Movant, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) <br> ) | Civ. Case No. 4:25-cv-00146-RK <br> Crim. Case No. 4:07-cr-00117-RK-1 |

**ORDER**

Before the Court is Movant's amended pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 6.) After careful consideration and review, and for the reasons explained below, the Court **ORDERS** that: (1) Movant's amended motion to vacate, set aside, or correct sentence is **DENIED**; (2) a certificate of appealability is **DENIED**; and (3) this case is **DISMISSED**.

**Background and Procedural Posture**

Movant Jeffrey Dewain Dueker pleaded guilty to a total of three counts in two criminal cases on December 17, 2007. (Crim. Docs. 36, 37.)[1] Specifically, he pleaded guilty before the Honorable Howard F. Sachs to two counts of receiving child pornography, as charged in Case No. 4:07-cr-00117, and one count of being a felon in possession of ammunition, as charged in Case No. 4:07-cr-00118. (*See* Crim. Doc. 37.) On April 16, 2008, Judge Sachs sentenced Movant to a total term of 252 months' imprisonment—240 months each as to the two counts of receiving child pornography, to be served concurrently, and 12 months as to the one count of being a felon in possession of ammunition, to be served consecutively. (Crim. Doc. 42.) Judge Sachs additionally imposed a 10-year term of supervised release. (*Id.*) On direct appeal, the Eighth Circuit enforced the appeal waiver in the plea agreement and dismissed the appeal. (*See* Crim. Docs. 49, 49-1.) *United States v. Dueker*, 357 F. App'x 726 (8th Cir. 2009). On February 8, 2024, Movant's

---

[1] "Crim. Doc." refers to the underlying criminal case, Case No. 4:07-cr-00117-RK-1; "Doc." refers to the civil habeas case, Case No. 4:25-cv-00146-RK.

sentence was reduced to time served pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. (Crim. Doc. 54.)

On September 10, 2024, following several supervised release violation reports in both criminal cases and ultimately Movant's arrest and initial appearance/preliminary revocation hearing, the Court[2] held a final revocation hearing. (Crim. Doc. 70.) Movant stipulated to the underlying conduct as alleged in the violation reports; the Court revoked Movant's supervised release and imposed 10-month revocation sentences on each of the three supervised release violations, to be served concurrently. (Crim. Doc. 71.) The Court additionally imposed upon revocation a lifetime term of supervision in the child pornography criminal case but did not order any additional supervision to follow the 10-month revocation sentence in the felon-in-possession criminal case. (*Id.*).

On February 14, 2025, Movant filed an initial verified pro se § 2255 motion, followed by an amended verified pro se § 2255 motion. (Crim. Doc. 73; Docs. 6, 7.) In his amended § 2255 pro se motion, Movant raises one claim of ineffective assistance of counsel: that revocation counsel "failed to file [a] Notice of Appeal when instructed to do so by his client." (Doc. 6 at 4.) The Government filed suggestions in opposition, including an affidavit by revocation counsel. (Docs. 10, 10-1.) The Government agreed that because of the nature of Movant's ineffective-assistance-of-counsel claim, an evidentiary hearing and appointment of post-conviction counsel was necessary and appropriate in this case. (Doc. 10 at 1, 5.) Accordingly, the Court appointed counsel under the Criminal Justice Act, (Doc. 13), and held an evidentiary hearing, (*see* Doc. 18).[3]

Further facts are set forth as necessary.

## Discussion

Under the familiar *Strickland*[4] standard for ineffective-assistance-of-counsel claims, a movant claiming ineffective assistance of counsel must satisfy two prongs: (1) that "counsel's performance fell below an objective standard of reasonableness," and (2) that the movant "suffered prejudice as a result." *Witthar v. United States*, 793 F.3d 920, 922 (8th Cir. 2015) (internal

---

[2] Movant's criminal case was re-assigned to the Court on July 16, 2024. (Crim. Doc. 59.)

[3] In requesting an extension of time to the original hearing date, CJA counsel indicated that a second amended or supplemental § 2255 motion was under consideration. (Doc. 15 at ¶ 4.) No second amended or supplemental § 2255 motion was ultimately sought by Movant.

[4] *Strickland v. Washington*, 466 U.S. 668 (1984)

2

quotation marks omitted). The Eighth Circuit has held that "[a]n attorney's failure to file a requested appeal automatically satisfies the deficient-performance prong." *Id.* In other words, when an attorney fails to initiate an appeal when requested by a criminal defendant, "[n]o showing of prejudice is required," but rather "[*Strickland*] prejudice is presumed." *Id.* at 922-23. To prevail, Movant "must show that [he] instructed . . . counsel to file an appeal," and that he did so in a manner indicating to counsel his "manifest" desire to appeal. *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000); *see Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).

In weighing the evidence, the Court considers (1) Movant's verified amended pro se § 2255 motion, (2) revocation counsel's affidavit, and (3) the testimony of both Movant and revocation counsel at the evidentiary hearing. The Court makes the following findings of fact and conclusions of law.

Revocation counsel credibly testified, consistent with his affidavit, that while Movant's mother told him in a phone call shortly after the final revocation hearing that Movant wanted to appeal, Movant did not expressly request that counsel file a notice of appeal on his behalf. Revocation counsel credibly testified that in a phone call with Movant a couple of days later counsel had spoken with Movant's mother, they did discuss the possibility for an appeal. Revocation counsel testified that he gave Movant his advice, based on both legal and practical rationale, against pursuing an appeal (largely focusing on the lack of a legal basis to appeal the revocation sentence and the anticipated timeline to pursue an appeal given the relatively short 10-month revocation sentence imposed). Revocation counsel credibly testified that after discussing the issue with Movant he was left with the impression that (1) Movant understood counsel's reasoned advice why an appeal would not be fruitful, and (2) Movant was "in agreement" with that advice. Revocation counsel persuasively testified that there would have been no reason (whether financial or because of workload) not to file an appeal had one been requested and that had Movant told counsel to "appeal anyway," counsel would have done so.

Movant's testimony is consistent with revocation counsel's testimony in some respects. For example, Movant similarly testified that he spoke with revocation counsel on the phone a couple of days after the final revocation hearing and after Movant's mother had spoken with counsel. Movant also testified that they discussed the potential for an appeal; Movant testified that "the very first thing" he said was that he (Movant) wanted an appeal. Movant then testified, also consistent with revocation counsel's testimony, that counsel advised against pursuing an appeal.

3

Movant testified that he ended this phone call after the discussion devolved into an argument focused on "what happened at the hearing and whether or not we should have fought it" (i.e., whether he should have stipulated to the supervised release violations set out in the violation reports). Additionally, like revocation counsel, Movant testified that he again raised the potential for an appeal in a second phone call with counsel a few days after the first phone call.

The Court finds other aspects of Movant's testimony not credible, however. For example, Movant testified that during the second phone call after he and revocation counsel began arguing about whether an appeal would be fruitful, revocation counsel hung up on Movant. Movant also testified that revocation counsel "just flat out refused to file an appeal" on Movant's behalf. The Court does not find this testimony credible. Movant agreed at the evidentiary hearing with the characterization of his demeanor as brusque and "hard." The Court believes Movant's demeanor played a significant role in the two phone conversations with revocation counsel that, like the evidentiary hearing in this case, tended to focus not on Movant's request that revocation counsel file an appeal but instead on rehashing revocation counsel's prior advice that Movant stipulate to the facts underlying the alleged supervised release violations. To the extent there was discussion about an appeal, the Court finds, as both revocation counsel and Movant testified, that that discussion involved revocation counsel giving Movant his professional advice not to pursue an appeal.

The Court is not persuaded that Movant has shown through any credible evidence that, after considering the reasoned advice of counsel, Movant unambiguously expressed that he nonetheless wanted and directed revocation counsel to file a notice of appeal. In short, the Court does not find credible Movant's assertion that revocation counsel—an experienced and extremely capable Assistant Public Defender—simply refused to file a notice of appeal contrary to Movant's manifest and express instruction to do so.[5] To the contrary, the Court does find credible revocation counsel's testimony that had Movant expressed his desire to appeal even though counsel advised against pursuing an appeal, that counsel would have done so. Movant has failed to establish that revocation counsel's performance in failing to file a notice of appeal as to the revocation sentence

---

[5] The Court notes that the only ineffective-assistance-of-counsel claim Movant asserts in his amended pro se § 2255 motion is that revocation counsel failed to file a notice of appeal despite Movant's instruction to do so.

4

fell "below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 688.  Accordingly, Movant's sole ground for relief under § 2255 is **DENIED**.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a [movant] has made a substantial showing of the denial of a constitutional right."  To satisfy this standard, a movant must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 276 (2004).  Because Movant has not met this standard, a certificate of appealability is **DENIED**.

## Conclusion

Accordingly, after careful consideration and for the reasons set out above, the Court **ORDERS** that (1) Movant's amended motion to vacate, set aside, or correct sentence, (Doc. 6), is **DENIED**; (2) a certificate of appealability is **DENIED**; and (3) this case is **DISMISSED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: February 23, 2026